**DARBY v. DARBY**

[135 N.C. App. 627 (1999)]

———————————

PHYLLIS DARBY, PLAINTIFF-APPELLANT v. HOYTE CLYDE DARBY, DEFENDANT-APPELLEE

No. COA98-1517

(Filed 16 November 1999)

**Process and Service— acceptance of service—action by wife against husband—acceptance by wife**

N.C.G.S. § 1A-1, Rule 4(j)(1)(a) does not allow a wife who sues her husband to accept service of process for her husband when they live in the same house.

Appeal by plaintiff-appellant from judgment entered 21 September 1998 by Judge Loto G. Caviness in Cleveland County Superior Court. Heard in the Court of Appeals 16 September 1999.

*Deaton & Biggers, P.L.L.C., by Lydia A. Hoza, for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Allen Smith, for defendant-appellee.*

WYNN, Judge.

The facts of this appeal are quite simple. The plaintiff-wife having been injured in an automobile driven by her husband, brought an action against him one day before the running of the three-year statute of limitations. The county sheriff served the complaint at the residence of the husband which was also the residence of the wife. For some reason, not apparent to us, the plaintiff-wife accepted service of her own complaint on behalf of her defendant-husband.

Having been informed by answer of the insurer for the defendant-husband that this was not an acceptable service, the plaintiff's attorney resorted to a substituted form of service by sending to the defendant-husband a certified copy of the complaint by registered mail. To complete what appears to be a bar exam type hypothetical, the plaintiff-wife accepted and signed the return receipt on the certified mail for her defendant-husband.

The obvious issue that flows from this factual fiasco is: Does North Carolina's service of process statute permit a wife who sues her husband to accept service of process for her husband when she lives in the same house as he does? We answer: No.

Under our statute, the manner of service of process may be by "leaving copies thereof at the defendant's dwelling or usual place of abode with some person of suitable age and discretion then residing therein." *See* N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(a) (1990). While the plaintiff wife in this case meets each of those criteria, we must afford our legislature the courtesy of understanding that there is an obvious exception to that rule—a plaintiff cannot accept service of her own complaint.

While our legislature strives to write our laws in plain language, it cannot be expected to address every possible scenario that may be presented by the literal application of its words. Rather, the courts in reading our statutes must import common sense to the meaning of the legislature's words to avoid an absurdity. *See Mazda Motors of America, Inc. v. Southwestern Motors, Inc.*, 296 N.C. 357, 361, 250 S.E.2d 250, 253 (1979) (stating that "where a literal interpretation of

**DARBY v. DARBY**

[135 N.C. App. 627 (1999)]

the language of a statute will lead to absurd results, or contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the law shall control and the strict letter thereof shall be disregarded"). Thus, we hold that the statute does not allow a plaintiff to accept—on the behalf of the defendant—service of her own complaint.

Affirmed.

Judges JOHN and EDMUNDS concur.